

JOHN T. ZACH
Tel.: (212) 303-3648
E-mail: jzach@bsfllp.com

August 3, 2020

**BY ECF**

Honorable Sidney H. Stein                                  **MEMO ENDORSED**
United States District Judge
Southern District of New York
500 Pearl Street, Room 1010
New York, New York 10007

    Re:    *United States v. Ariel Jimenez, et al.*, Case No. 18 Cr. 879 (SHS)

Dear Judge Stein:

    We represent defendant Ariel Jimenez and write to respectfully request that the Court modify the terms of Mr. Jimenez's release to permit him to secure gainful employment. On March 26, 2020, the Court ordered that Mr. Jimenez be released on bail from federal custody and placed under home incarceration. [ECF No. 190.] Because of the COVID-19 pandemic, on April 17, 2020, the Court adjourned the trial in this matter *sine die* at the joint request of the parties. [ECF No. 205; *see also* ECF No. 228.] With the pandemic stretching on indefinitely, Mr. Jimenez remains confined to his home, with no certain trial date and without any means of employment to offset the costs of home incarceration or support his family. We respectfully request that the Court modify Mr. Jimenez's bail condition from home incarceration to home detention, which would permit Pretrial Services to preapprove Mr. Jimenez's travel from home to attend job interviews and, hopefully, secure regular employment pending trial. Employment will help Mr. Jimenez be productive.

    We have consulted with both the government and Pretrial Services. The government consents to a limited modification of Mr. Jimenez's home incarceration that maintains the current bail conditions but allows Mr. Jimenez to leave his home with the preapproval of Pretrial Services for the purpose of conducting job interviews. Under that scenario, Mr. Jimenez would need to return to the Court to seek further modification permitting him to be employed. While Mr. Jimenez appreciates the government's effort to find a solution with which it is comfortable, this half-step is unnecessarily complicated and will compound the difficulty in securing employment while on bail. And under either scenario (home detention or home incarceration with permission for job interviews), Mr. Jimenez will need to seek the approval of his Pretrial Services Officer for both interviews and the terms of his employment.

    Pretrial Services was clear that it takes no position on Mr. Jimenez's present application and will defer to the Court. Pretrial Services did authorize us to report that, at the time of our



conversation with Mr. Jimenez's Pretrial Services Officer, Mr. Jimenez has complied with all of his bail conditions and has been fully cooperative. Pretrial Services explained to us that, from an administrative perspective, a change from home incarceration to home detention is the simplest change to implement and provides Pretrial Services with the discretion and oversight needed to screen and approve Mr. Jimenez's job prospects and terms of employment.

Mr. Jimenez therefore respectfully requests that the Court modify his bail condition from home incarceration to home detention.

Respectfully,

/s/ John T. Zach
John T. Zach
Craig Wenner

Copy to:

AUSAs Daniel Nessim, Ni Qian, and Marguerite Colson (via ECF)
Pretrial Services Officer Bernisa Mejia (via email)

**Defendant's bail conditions are modified as follows:  the defendant may leave his home with the prior approval of pretrial services, in order to conduct job interviews.**

**Dated: New York, New York**
**August 6, 2020**

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.

2