UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

ARIEL JIMENEZ,
  a/k/a "Melo,"

            Defendant.

PRELIMINARY ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

S3 18 Cr. 879 (SHS)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about September 9, 2021, ARIEL JIMENEZ, a/k/a "Melo," (the "Defendant"), was charged in a four count Amended Superseding Indictment, S3 18 Cr. 879 (SHS) (the "Indictment"), with conspiracy to defraud the United States with respect to claims, in violation of Title 18, United States Code, Section 286 (Count One); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b) and 2 (Count Three); and money laundering, in violation of Title 18, United States Code, Section 1348 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment, including but not limited to:

    a. a residential property located at 4570 Henry Hudson Parkway, Bronx, New York 10471-3807, parcel number 5813-131;

    b. a property located at 2500 Bailey Avenue, Bronx, New York, 10463-7206, parcel number 3237-32; and

    c. a property located at 2352 University Avenue, Bronx, New York, 10468-6297, parcel number 3212-55;

(a. through c., collectively, the "Indictment Property"); and

        d. a sum of money in United States currency representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment;

WHEREAS, the Indictment included a second forfeiture allegation with respect to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Four of the Indictment, or any property traceable to such property, including but not limited to, *inter alia,* the Indictment Property;

WHEREAS, on or about February 22, 2022, following a jury trial, the Defendant was found guilty of Counts One through Four of the Indictment;

WHEREAS, the Government asserts that $14,580,000 in United States currency represents any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $14,580,000 in United States currency, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), representing the proceeds traceable to the commission of the offense charged in Count Two of the Indictment that the Defendant personally obtained;

WHEREAS, the Government further seeks the forfeiture of all of the Defendant's right, title and interest in the following properties as (i) proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained and (ii) property involved in the offense charged in Count Four of the Indictment:

a. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known and described as 4570 Henry Hudson Parkway, Bronx, New York 10471-3807, parcel number 5813-131;

b. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known and described as 2500 Bailey Avenue, Bronx, New York, 10463-7206, parcel number 3237-32; and

c. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known and described as 2352 University Avenue, Bronx, New York, 10468-6297, parcel number 3212-55;

(a. through c., collectively, the Specific Property);

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained, cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count Two of the Indictment, to which the Defendant was found guilty following a jury trial, a money judgment in the amount of $14,580,000 in United States currency (the "Money Judgment"), representing the amount of

proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts Two and Four of the Indictment, of which the Defendant was found guilty following a jury trial, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, ARIEL JIMENEZ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the "United States Department of Treasury," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Department of Treasury or its designee shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

7. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Department of Treasury (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
September 12, 2022

SO ORDERED:

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE