UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

ARIEL JIMENEZ,

                Defendant.

18-Cr-879 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Ashley Medina has filed a petition pursuant to 21 U.S.C. § 853(n) to assert an interest in property subject to forfeiture. (*See* Petition in Response to Forfeiture Order ("Medina Petition"), ECF No. 509.) In the underlying criminal action, Ariel Jimenez, with whom Medina resided at 4570 Henry Hudson Parkway, Bronx, NY ("the Hudson Property"), was convicted after a jury trial of conspiracy to defraud the United States with respect to claims, conspiracy to commit wire fraud, aggravated identity theft, and money laundering. Following his conviction, he was sentenced principally to 144 months incarceration and forfeiture of three pieces of real property, including the Hudson Property. (*See* Judgment in a Criminal Case, ECF No. 471; Preliminary Order of Forfeiture, ECF No. 469.) In her petition, Medina initially claimed an interest on behalf of herself in three properties, known as the Hudson Property, the Bailey Property, and the University Property. She also asserted an interest in each of those three properties on behalf of Arsenio Jimenez, who is defendant Ariel Jimenez's father, pursuant to her power of attorney for him. The Government has now moved to dismiss Medina's petition (Govt.'s Motion to Dismiss, ECF No. 527), which Medina has opposed (Pet'r's Opposition, ECF No. 531). At oral argument on September 28, 2023, of the Government's motion to dismiss Medina's petition, Medina's counsel stated that Medina was no longer pressing her claims to the Bailey Property or the University Property and only maintained the petition with respect to the Hudson Property.

    Pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), a court may dismiss a petition asserting an interest in property subject to forfeiture "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). To prevail on this petition, Medina must "establish[] by a preponderance of the evidence" that either:

> A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title,

> or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6)(A), (B). Thus, unless there are sufficient facts alleged in the petition to establish that Medina satisfies either of these conditions, the Court may dismiss her petition for failure to state a claim pursuant to Fed. R. Crim. P. 32.2(c)(1)(A).

Medina does not satisfy the first condition. To do so, Medina's interest in the Hudson Property would need to be "superior to . . . the defendant['s] at the time of the commission of the acts which gave rise to the forfeiture of the property under this section." 21 U.S.C. § 853(n)(6)(A). However, this condition is nearly impossible to satisfy in cases where, as here, the forfeited property constitutes, or is derived from, proceeds traceable to a criminal offense. *See United States v. Watts*, 786 F.3d 152, 166 (2d Cir. 2015). This is because, axiomatically, the "proceeds of an offense do not exist before the offense is committed . . . ." *Id.* (quoting *United States v. Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007)).

Medina's case is no exception to the general rule. She alleges that the Hudson Property was purchased in 2011 under Ariel Jimenez's name. (Medina Petition at 2.) Therefore, to have a superior interest in the Hudson Property, either Medina individually or Arsenio Jimenez—pursuant to Medina's power of attorney—would need to have an interest in the property at least as early as 2011. However, the earliest date that Medina alleges either she or Arsenio Jimenez had an interest in the Hudson Property is January 2013, when Ariel Jimenez transferred the house to his father. (*Id.*)

Nor does Medina satisfy the second condition of 21 U.S.C. § 853(n)(6). To do so, Medina, either individually or by holding the power of attorney for defendant's father, would need to be both 1) a bona fide purchaser for value of the Hudson Property and 2) reasonably without cause to believe that the Hudson Property was subject to forfeiture as a result of defendant's conviction.

Medina, individually, does not satisfy this condition. Even assuming, *arguendo*, that Medina is a bona fide purchaser for value in the Hudson Property, she was not "without cause to believe that the property was subject to forfeiture under this section." As the Government noted without any objection from petitioner at oral argument, Medina moved into the Hudson Property in March 2020 and knew that it was subject to forfeiture to the Government the entire time she lived there.

Medina also fails to make a claim that she satisfies the second condition through her power of attorney for Arsenio Jimenez, because Arsenio Jimenez is not a bona fide purchaser for value. The question of whether a petitioner is a bona fide purchaser is a question of state law. *See Pacheco v. Serendensky*, 393 F.3d 348, 353 (2d Cir. 2004). In New York, "a bona fide purchaser must have purchased real property (1) in good faith (2) for valuable consideration and (3) without notice of a cloud, impediment, or defect in title that is advanced to challenge the bona fides of a purchase." *O'Connell v. JPMorgan Chase Bank Nat. Ass'n*, No. 12-Cv-1951 (ENV), 2012 WL 6151972 (E.D.N.Y. Dec. 11, 2012); *see also* New York Real Property Law § 265-a(2)(a). Medina fails to assert that Arsenio Jimenez purchased the Hudson Property from Ariel Jimenez for valuable consideration. Rather, she asserts that Ariel Jimenez "transferred" the Hudson Property to Arsenio Jimenez. (Medina Petition at 2.) However, the record of the deed transfer that Medina includes in her submission reflects that the sale price was zero dollars—in other words, the transfer was devoid of valuable consideration. (Deed Transfer, ECF No. 509-6 at 6.) And while Medina alleges that Arsenio Jimenez "had given money" to Ariel Jimenez, she does not state that the money was exchanged in the transfer of the Hudson Property but, rather, that it was given "for business." (Medina Petition at 2.)

Medina urges that even if the Court finds that she lacks an interest in the property pursuant to 21 U.S.C. § 853(n), any sale by the Government of the Hudson Property should be stayed pursuant to 21 U.S.C. § 853(h). This statute states:

> Upon application of a person, other than the defendant or a person acting in concert with him or on his behalf, the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the applicant demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to him.

21 U.S.C. § 853(h).

In this case, Ariel Jimenez has an appeal at the United States Court of Appeals for the Second Circuit currently pending. (Notice of Appeal, ECF No. 477; *United States v. Jimenez*, No. 22-2090 (2d Cir. 2023), ECF No. 71.) Furthermore, Medina has sufficiently alleged that the sale of the Hudson Property will result in irreparable injury to her: Medina not only resides in the Hudson Property with her two young children, but also states that she operates a daycare center out of the property pursuant to a lease. (Pet'r's Decl., ECF No. 531-1 at 1, 3.) Disposition of the property by the Government would leave Medina without a residence and without her daycare business. (*Id.* at 3.)

However, "a stay 'is not a matter of right, even if irreparable injury might otherwise result'; rather a stay is 'an exercise of judicial discretion . . . .'" *New York v. United States*

*Department of Homeland Security*, 974 F.3d 210, 214 (2d Cir. 2020). To determine whether such discretion ought to be exercised, courts apply the following four-factor test:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re Platinum Partners Value Arbitrage Fund L.P.*, No. 18-Cv-5176 (DLC), 2018 WL 3207119, at *3 (S.D.N.Y. June 29, 2018) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). The first two factors "are the most critical," *United States Department of Homeland Security*, 974 F.3d at 214, but "[t]he Second Circuit has held that these criteria should be applied 'somewhat like a sliding scale . . . more of one excuses less of the other.'" *In re 461 7th Avenue Market, Inc.*, 623 B.R. 681, 689 (S.D.N.Y. Oct. 2, 2020) (quoting *In re Platinum Partners*, 2018 WL 3207119, at *3). The burden of showing that a stay is appropriate lies with the party requesting the stay. *United States Department of Homeland Security*, 974 F.3d at 214.

A stay in this case is inappropriate because Medina has failed to make any showing at all, much less a strong showing, that Ariel Jimenez is likely to succeed on the merits of his appeal from his conviction. While it is true that both this factor and the "irreparable injury" factor are each considered "the most critical" of the four factors, and that irreparable injury to Medina seems likely, the first factor is particularly weighty in this case. The logic of granting a stay pending appeal is to maintain the status quo until an outcome has been conclusively determined. Here, no argument is asserted by Medina, and this Court otherwise has no reason to believe, that Ariel Jimenez is likely to succeed on the merits of his appeal. The Government's evidence at his trial was overwhelming. And the third and fourth factors of the analysis, while slightly favoring Medina, do not offset the great weight of the first factor. Therefore, while 21 U.S.C. § 853(h) provides the Court with the ability to stay the sale of the Hudson Property, the Court in its discretion finds no merit in granting such a stay. The Court is certainly sympathetic to Medina's situation, but unfortunately for her, it has been brought about solely by defendant's criminal wrongdoing.

Accordingly, because Ashley Medina holds no cognizable interest in the Hudson Property, IT IS HEREBY ORDERED that the Government's motion to dismiss her petition to assert an interest in that property, both individually and as the holder of a power of attorney for Arsenio Jimenez, is granted pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), and Medina's petition is dismissed.

Dated: New York, New York
October 18, 2023

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.